**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| **ARMAN MOTIWALLA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**INNOVATIVE PARTNERS L.P.**, a Texas limited partnership,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 0:25-cv-61290**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **ARMAN MOTIWALLA** ("**MOTIWALLA**" or "Plaintiff") by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This is an action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), and Florida's Private Sector Whistleblower Act (FWA) for (1) retaliation in violation of ERISA, and (2) retaliation in violation of the FWA.

## PARTIES

2. The Plaintiff, **ARMAN MOTIWALLA** ("**MOTIWALLA**") is an individual and a resident of Florida who at all material times resided in Broward County, Florida. At all material times, **MOTIWALLA** performed work primarily in Broward County, Florida, which is within the Southern District of Florida, during the events giving rise to this case. **MOTIWALLA** was an employee within the contemplation of the FMLA and FWA. Venue for this action lies in the Southern District of Florida, Fort Lauderdale Division.

1

3.     The Defendant, **INNOVATIVE PARTNERS L.P.** ("Defendant") is a Texas limited partnership that that has its principal place of business located in Coral Springs, Florida. Defendant was **MOTIWALLA**'s employer within the meaning of ERISA and FWA as it employs in excess of 10 employees.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction of this matter under 28 U.S.C. §1331 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

5.     Venue is proper in the United States District Court for the Southern District of Florida because the Plaintiff worked in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Broward County, Florida, which is within the Southern District of Florida. Venue is proper in the Fort Lauderdale Division since the action accrued primarily in Broward County, which is within the Fort Lauderdale Division.

## GENERAL ALLEGATIONS

6.     In early 2023, **MOTIWALLA** operating his own independent health insurance brokerage when Ahmed Shokry, a previous business contact, approached him to help establish and manage Innovative Partners LP, the Defendant.

7.     **MOTIWALLA** began his employment with the Defendant in or about April 2023 and was employed as its Chief Operations Officer. He worked directly under Shokry and CJ Pagnanelli while continuing to operate his brokerage.

8.     In June 2023, Shokry convinced **MOTIWALLA** to shut down his brokerage and focus entirely on the Defendant, directing him to transfer his sales production to the company. Shokry also advised **MOTIWALLA**'s partner, Madison Bounahra, to do the same.

9.      **MOTIWALLA** performed his assigned duties in a professional manner and was very well qualified for his position.

10.     In fact, **MOTIWALLA** received effective to highly effective performance reviews from the Defendant.

11.     That is until **MOTIWALLA** observed the Defendant violating ERISA and a whole host of other laws and made complaints regarding the same.

12.     More specifically, **MOTIWALLA** observed and complained that the Defendant, and its principals/agents Ahmed Shokry and/or Christopher James Pagnanelli, in violation of fiduciary duties and ERISA law, 29 U.S.C. Chapter 18 and 29 CFR § 2550.404a-1, improperly used and misappropriated plan funds and used the plan funds for the business costs and incentive/commission advances to Defendant's recruiters such as insurance sales agents and concealed same from the insurance sales agents. Further, 29 U.S.C. § 1109 requires any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries shall be personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to such plan any profits such fiduciary which have been made through use of assets of the plan by the fiduciary. Therefore, the Defendant and its principals/agents Ahmed Shokry and/or Christopher James Pagnanelli are personally liable to repay the improper advanced funds to the insurance sales agents as well as any ill-gotten gains they received.

13.     What's more, **MOTIWALLA** observed and complained to the Defendant that Shokry and the Defendant were violating the law by their:

- Failure to act in the best interests of participants (not providing the best benefits for reasonable costs);

- Self-dealing (fiduciaries benefiting personally from plan transactions)

- Misuse of plan assets (using health plan funds for non-plan purposes);

- Improper delegation of fiduciary duties (assigning responsibilities to non-qualified or conflicted individuals);

- Failure to properly monitor third-party service providers (e.g., insurers, TPAs, PBMs);

- Conflicted decision-making (choosing insurance providers or vendors based on personal gain rather than plan value);

- Commingling plan assets with corporate funds;

- Excessive administrative fees paid to vendors and service providers;

- Failure to pursue claims recoveries (subrogation, fraud recoveries, etc.);

- Failure to adhere to the Affordable Care Act (ACA) requirements (e.g., covering preventive care);

- Not offering COBRA continuation coverage properly (or overcharging for it);

- Failure to cover mental health services equally (Mental Health Parity Act violations);

- Excessive fees paid to insurers, brokers, or third-party administrators (TPAs);

- Undisclosed revenue-sharing agreements with insurers or PBMs;

- Side deals between insurers and employers that disadvantage employees;

- Improper relationships between fiduciaries and healthcare providers;

- Not disclosing material plan changes in a timely manner;

- Failure to notify employees of their COBRA or HIPAA rights;

- Failure to comply with Mental Health Parity and Addiction Equity Act (MHPAEA) disclosure rules;

- Retaliating against whistleblowers who report ERISA violations;

- Failure to provide a Summary of Material Modifications (SMM) for plan changes;

- Not complying with ERISA's electronic disclosure rules when distributing required documents, and;

- Hiding rebate or discount information from participants (PBM/insurer kickbacks).

14.     Furthermore, **MOTIWALLA** observed and complained of the Defendant, and its principals/agents induced insurance sales agents to do business with the Defendant, and misrepresented to the insurance sales agents the manner that they would get paid including retention of residuals, the obligations regarding incentive/advanced commissions. The Defendant would falsely state that (a) the insurance sales agents would not be responsible for debit balances, and (b) there would be considerable support provided by the Defendant and its customer service team. The insurance sales agents relied upon the Defendant's misrepresentations and were duped into selling ERISA health plans for the Defendant but later learned that the Defendant misrepresented that (a) the insurance sales agents would not be responsible for debit balances, and (b) there would be considerable support provided by the Defendant and its customer service team. The Defendant would also fail to provide benefits to clients, encourage clients to cancel their plans, encourage clients to change their plans and move them to the Defendant and/or another entity not associated with the insurance sales agents, and simply fail to provide quality customer service causing clients to cancel their plans, all in an effort to deprive the insurance sales agents of their lawful earnings. Furthermore, the Defendant manufactured breaches under the Recruiter Agreement to terminate insurance sales agents for cause, thereby attempting to double-dip by retaining the insurance sales agents' books of business (which are applied against the debit balance and would reduce and same as payments are made) as well as claiming the debit balance is

5

immediately due and owing.  At a minimum, these practices violated Florida's Deceptive & Unfair Trade Practices Act (FDUTPA).

15.     **MOTIWALLA** engaged in statutorily protected conduct under ERISA and the FWA on several occasions just prior to his termination, which occurred on January 22, 2025.

<u>**COUNT I – VIOLATION OF ERISA- RETALIATION**</u>

16.     The Plaintiff hereby incorporates by reference Paragraphs 1-13 and 15 in this Count by reference as though fully set forth below.

17.     In fact, the Defendant determined that **MOTIWALLA** was eligible for leave under the FMLA but then terminated his employment because of his request for federally protected medical leave and reinstatement.

18.     **MOTIWALLA** engaged in activity protected by the ERISA.

19.     The Defendant knew that **MOTIWALLA** engaged in activity protected by the ERISA.

20.     A causal connection exists between **MOTIWALLA'**s engaging in activity protected by the ERISA and the Defendant's termination of his employment.

21.     The Defendant retaliated by altering the terms and conditions of **MOTIWALLA**'s employment by terminating **MOTIWALLA**'s employment because he engaged in the statutorily protected activity and the Defendant terminated him because he engaged in this statutorily protected activity.

22.     The Defendant engaged in willful and intentional retaliation in violation of the ERISA by terminating **MOTIWALLA**'s employment because he engaged in activity protected by ERISA.

23.     As a result of the above-described violations of ERISA, **MOTIWALLA** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, front pay, reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under ERISA, and any other such damages as this honorable Court deems just.

## COUNT II –VIOLATION OF FLORIDA STATUTE 448.102: FLORIDA'S PRIVATE WHISTLEBLOWER ACT

24.     Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth below.

25.     **MOTIWALLA** was an employee of the Defendant, a private company.

26.     At all material times, **MOTIWALLA** was to be protected from negative employment action by Florida Statute 448.102(1)-(3), commonly known as Florida's "whistleblower statute," which in relevant part provides:

> "An employer may not take any retaliatory personnel action against an employee because the employee has:
>
> (1) Disclosed, or threatened to disclose, to any appropriate governmental agency, under oath, in writing, an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation. However, this subsection does not apply unless the employee has, in writing, brought the activity, policy, or practice to the attention of a supervisor or the employer and has afforded the employer a reasonable opportunity to correct the activity, policy, or practice;
>
> (2) Provided information to, or testified before, any appropriate governmental agency, person, or entity conducting an investigation, hearing, or inquiry into an alleged violation of a law, rule, or regulation by the employer, and;

7

(3) Objected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

27.     **MOTIWALLA** did engage in statutorily protected activity by his objections and refusal to participate in the Defendant's illegal practices.

28.     Immediately after engaging in statutorily protected activity, **MOTIWALLA** suffered negative employment action, his termination, which is a direct result of this statutorily protected activity.

29.     **MOTIWALLA**'s termination and him engaging in statutorily protected activity are causally related.

30.     The Defendant knew that **MOTIWALLA** was engaged in protected conduct as referenced herein.

31.     The Defendant discharged, terminated and retaliated against **MOTIWALLA** from his employment, and otherwise retaliated against him because of his protected conduct.

32.     As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, **MOTIWALLA** has lost all of the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

33.      As a direct and proximate result of the violations of F.S. § 448.102, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

**WHEREFORE,** Plaintiff demands damages against Defendant for violation of Florida's Private Sector Whistle-blower's Act (Section 448.102, Fla. Stat.), including but not limited to all relief available under Section 448.103, Fla. Stat., such as:

8

(a) reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position,

(b) reinstatement of full fringe benefits and seniority rights,

(c) compensation for lost wages, benefits, and other remuneration,

(d) any other compensatory damages allowable at law,

(e) attorney's fees, court costs and expenses, and

(f) such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: June 26, 2025

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com