**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case no.: 0:25-cv-61290-LEIBOWITZ**

ARMAN MOTIWALLA, an individual

      Plaintiff,

v.

INNOVATIVE PARTNERS L.P., a Texas
limited partnership,

      Defendant.

_____/

**DEFENDANT'S MOTION TO DISMISS COUNT I OF PLAINTIFF'S**
**COMPLAINT FOR FAILURE TO STATE A CLAIM, AND, CONSEQUENTLY,**
**TO DISMISS THIS ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Defendant, INNOVATIVE PARTNERS L.P. ("Innovative"), through undersigned counsel

and pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss Count I of Plaintiff,

ARMAN MOTIWALLA's ("Motiwalla"), Complaint [DE 1], and, consequently, this entire action

for lack of subject matter jurisdiction.  In support, Innovative states:

**INTRODUCTION**

This lawsuit is a sham, an abuse of judicial resources, and an insult to genuinely aggrieved

employees.[1]  Its purpose is not to vindicate Motiwalla's rights under the statutes he sues under –

he has none – but instead an attempt to create leverage in a pending multi-million dollar lawsuit

Innovative brought against his girlfriend in Florida state court, and a feeble preemptive strike

before Innovative brings its curtain-closing lawsuit against him for fraud, breach of contract, and

---

[1] Incidentally, Motiwalla was not an employee of Innovative at all. Motiwalla insisted to be
engaged as a 1099 independent contractor, for nefarious reasons that he is well aware of.

1

a myriad of other claims.  In any event, Count I of the Complaint fails to state a claim upon which relief may be granted, even accepting Motiwalla's fabricated allegations as true, as the Court regrettably must at this stage. Count I, which purports to bring a claim for retaliation under the Employee Retirement Income Security Act of 1974 ("ERISA"), fails because Motiwalla lacks statutory standing to bring a private cause of action under ERISA under the facts alleged. And once Count I is dismissed, this Court should decline to exercise supplemental jurisdiction over the remaining state law claim, there being no diversity jurisdiction or federal question pending.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the allegations in a complaint. *See* Fed. R. Civ. P. 12(b)(6). In assessing legal sufficiency, the Court is bound to apply the pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, the complaint "must ... contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 570). "Dismissal is therefore permitted when on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (internal quotations omitted) (citing *Marshall Cty. Bd. of Educ. V. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

A motion to dismiss pendent state law claims for lack of subject matter jurisdiction is governed by 28 U.S.C. 1367(c), "which describes the occasions on which a federal court may exercise its discretion not to hear a supplemental claim or admit a supplemental party, despite the power of the court to hear such a claim." *Palmer v. Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1566 (11th Cir. 1994).  "When all federal claims are dismissed before trial, a district court should

2

typically dismiss the pendant state claims as well." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018).

## ARGUMENT

### I.     Motiwalla Lacks Statutory Standing to Bring a Private Claim under ERISA

The gravamen of Motiwalla's Complaint is that he was terminated as an employee of Innovative – a marketer and provider of health benefit plans – because he "observed and complained" that Innovative was "violating ERISA and a whole host of other laws."  Compl. at ¶ 11.  The Complaint alleges a litany of farcical ERISA violations, *see id*. at ¶¶ 12 – 13, and Count I is labelled as a claim for "Violation of ERISA – Retaliation", but its opening factual allegation refers instead to the Family and Medical Leave Act of 1993: "In fact, the Defendant determined that MOTIWALLA was eligible for leave under the FMLA but then terminated his employment because of his request for federally protected medical leave and reinstatement." *Id*. at 17.

Sloppy drafting aside, Motiwalla lacks statutory standing to bring a claim for retaliation under ERISA.  Sections 1132 and 1140 of ERISA expressly dictate who may bring a civil claim for its violation, and under which circumstances a claim may be brought. Under Section 1132(a), entitled "Persons empowered to bring a civil action", an ERISA plan "participant", "beneficiary", or "fiduciary" may bring certain enumerated claims; the Secretary of Labor or any State may bring certain other claims; and an "employee representative" of a "multi-employer plan", may bring certain claims.  *See* 29 U.S.C. 1132(a)(1) through (11).[2] Nowhere in the Complaint does Motiwalla allege that he is or was a participant, beneficiary or fiduciary of any Innovative ERISA plan – because he was not – or that Innovative is part of any multi-employer plan.

Separately, under Section 1140, while it is indeed stated to be unlawful for "any person to

---

[2] The definitions of these quoted terms are all found in 28 U.S.C. 1002.

discharge … a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan", or for "any person to discharge … any person because he has given information or has testified or is about to testify in any inquiry or proceeding relating to [ERISA]", Section 1140 also provides that "[t]he provisions of Section 1132 of this title shall be applicable in the enforcement of this section [1140]." *See* 29 U.S.C. § 1140.  The Eleventh Circuit interprets that to mean that under Section 1140, a plaintiff must still allege and prove his status as a plan participant, beneficiary or fiduciary – which, again, Motiwalla has not done and cannot do. *See McKinnon v. Blue Cross and Blue Shield of Alabama*, 935 F. 2d 1187, 1193 (11th Cir. 1991) ("[Plaintiff] contends, however, that she is a 'person ... [who] has testified' within the meaning of the second sentence of section 1140. Even assuming this to be true, 29 U.S.C. § 1132, ERISA's civil enforcement provision, empowers only participants, beneficiaries, fiduciaries, and the Secretary of Labor to bring civil actions to enforce the Act.") Count I must therefore be dismissed.

## II. This Court Should Dismiss the Remaining State Law Claim

With Count I dismissed, all that is left is a single state law claim under Florida's Private Whistleblower Act.   That too, then, should be dismissed.  "When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well." *Shabanets*, 878 F. 3d at 1296 (11th Cir. 2018).   *See also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 43-44 (2025) (holding that once the district court was deprived of federal question jurisdiction, it "should have remanded [the plaintiff's] suit to state court"); *Silas v. Sheriff of Broward Cnty., Florida*, 55 F.4th 863, 866 (11th Cir. 2022) (finding that "concerns of federalism – namely, of federal courts of limited jurisdiction weighing in on state law – counsel in favor of dismissing state-law claims after the federal claims are dismissed"). Motiwalla is free to bring his whistleblower claim again in state court, where it belongs, if he chooses.

4

WHEREFORE, Defendant INNOVATIVE PARTNERS L.P. respectfully requests the Court enter an Order dismissing Count I of the Complaint for failure to state a claim, and consequently declining supplemental jurisdiction over and dismissing Count II for lack of subject matter jurisdiction, and for such other relief as the Court deems just and proper.

Date: August 26, 2025                    Respectfully submitted,


By: /s/ *Joshua L. Spoont*
    Joshua L. Spoont
    Florida Bar No. 53263
    josh@sodhispoont.com
    Eric M. Sodhi
    Florida Bar No. 583871
    eric@sodhispoont.com
    Nathaniel M. Edenfield
    Florida Bar No. 91034
    nate@sodhispoont.com
    Mauricio A. Torres
    Florida Bar No. 1059067
    mauricio@sodhispoont.com
    **SODHI SPOONT PLLC**
    3050 Biscayne Blvd., Ste. 701
    Miami, FL 33137
    Tel: 305-907-7573
    *Counsel for Defendant*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed on the CM/ECF system and that a true and correct copy was served therefrom by e-mail on August 26, 2025 on all counsel or parties of record on the service list below:

Benjamin Yormak, Esq.
Yormak Employment & Disability Law
27200 Riverview Center Blvd., Ste. 109
Bonita Springs, Florida 34134
byormak@yormaklaw.com
*Counsel for Plaintiff*

*/s/ Joshua L. Spoont*
Joshua L. Spoont
Eric M. Sodhi
Nathaniel M. Edenfield
Mauricio Torres

6