UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

|  |  |
|---|---|
| **ARMAN MOTIWALLA**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**INNOVATIVE PARTNERS L.P.**, a Texas limited partnership,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No. 0:25-cv-61290-LEIBOWITZ** |

## PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Undersigned counsel respectfully appears before this Honorable Court pursuant to the Order to Show Cause dated September 9, 2025 (Doc. 18) and acknowledges the Court's concerns. While counsel regrets any appearance of non-compliance, his actions were undertaken in good faith to protect Plaintiff's interests, comply with professional obligations and adhere to this Court's directives. More on this below.

### I.   THE CHRONOLOGY REVEALS GOOD FAITH COMPLIANCE AND MOUNTING COMPLEXITY.

The case began with ordinary employment law claims. But it quickly evolved into a matter of extraordinary complexity spanning multiple specialized legal areas. On August 27, 2025, defense counsel revealed during a lengthy telephone conference that Defendant would assert counterclaims involving: (1) sophisticated Internal Revenue Code issues; (2) complex fraud and conspiracy allegations tied to ongoing California Department of Insurance investigations; (3) intricate regulatory compliance matters spanning multiple jurisdictions and federal agencies; and (4) complicated family law matters.

1

Undersigned counsel—a solo practitioner Board-Certified in labor and employment law—immediately recognized his unfamiliarity with these specialized areas. The conversation revealed that this matter would extend far beyond the ERISA retaliation claims originally filed, involving areas of law that require specialized expertise.

On August 29th, counsel promptly advised Plaintiff of the impending counterclaims and his inability to adequately represent him in such matters, while offering options including responding to the motion to dismiss or filing an amended complaint under Fed. R. Civ. P. 15 (Doc. 13, p. 2; Ex. 1 – Decl. of Motiwalla, ¶5). Plaintiff chose the latter option and provided more facts to strengthen the amended pleading, demonstrating a strategic approach to improve the case's procedural posture.

The Court denied the initial withdrawal motion but ordered a response to Defendant's motion by September 9, 2025. (Doc. 14). Counsel complied by filing both Plaintiff's Response to Defendant's Motion to Dismiss (Doc. 16) and the Verified Amended Complaint (Doc. 15) on September 4, 2025—five days early. This early filing demonstrates counsel's commitment to meeting deadlines while pursuing the strongest possible position for his client.

Defendant's subsequently-filed Answer on September 18, 2025, validates undersigned counsel's concerns about complexity. (Doc. 19). The Answer confirms the sophisticated nature of anticipated defenses and reveals the breadth of legal expertise this matter will require, including extensive regulatory investigations spanning multiple jurisdictions and complex commercial relationships.

**II.     DEFENDANT'S     ANSWER     CONFIRMS     THE     UNPRECEDENTED
COMPLEXITY.**

Defendant's Answer validates counsel's prescient concerns about case complexity. (Doc. 19, pp. 5-10). The defenses involve:

- **Federal tax law complexity**: Independent contractor analysis involving Delaware LLC structures (Huriya LLC), IRS Form 1099 implications, and sophisticated tax avoidance schemes connected to Palm Beach County divorce proceedings *Motiwalla v. Scanlon*, Case No. 50-2023-DR-005624. (Doc. 19, pp. 5-6).

- **Advanced payment processing regulations**: "Card not present" (CNP) environments, rapid dispute resolution (RDR) systems, MATCH list violations, multi-jurisdictional chargeback regulations, and merchant services compliance spanning multiple jurisdictions. (Doc. 19, pp. 7-9),

- **Complex damages calculations**: Set-off computations involving breach of contract dated July 17, 2023, debit balance quantifications, and tort damages assessments requiring specialized commercial litigation expertise. (Doc. 19, p. 10).

- **Multi-jurisdictional regulatory enforcement**: The California Department of Insurance's Cease and Desist Order against Defendant represents just one of multiple ongoing regulatory investigations requiring coordination across federal and state agencies. (Doc. 15, p. 6).

These defenses span areas far beyond employment law, confirming undersigned counsel's initial assessment that continued representation would require expertise in federal tax law, payment processing compliance, regulatory enforcement, and complex commercial damages—none of which fall within labor and employment law practice.

### III.   WITHDRAWAL IS REQUIRED OR PERMITTED UNDER THE RULES REGULATING THE FLORIDA BAR.

The Rules Regulating The Florida Bar provide both mandatory and permissive grounds for withdrawal that are fully satisfied here. This is particularly so given that Defendant has now answered the Amended Complaint and no further motion practice is required. (Doc. 19).

### A. Mandatory Withdrawal Under Rule 4-1.16(a)(1).

Rule 4-1.16(a)(1) mandates withdrawal when "the representation will result in violation of the Rules of Professional Conduct or other law." The evolution of this case has revealed complex legal issues far beyond the scope of undersigned counsel's competence, creating an untenable situation where continued representation would violate Rule 4-1.1 (Competence).

Defendant's Answer, filed September 18, 2025, confirms the complexity undersigned counsel anticipated. (Doc. 19). The Answer reveals sophisticated defenses involving: (1) Federal tax law complexity including independent contractor analysis involving Delaware LLC structures (Huriya LLC), IRS Form 1099 implications, and sophisticated tax avoidance schemes connected to Palm Beach County divorce proceedings *Motiwalla v. Scanlon*, Case No. 50-2023-DR-005624; (2) Advanced payment processing regulations including "Card not present" (CNP) environments, rapid dispute resolution (RDR) systems, MATCH list violations, multi-jurisdictional chargeback regulations, and merchant services compliance; (3) Complex damages calculations involving set-off computations, breach of contract dated July 17, 2023, debit balance quantifications, and tort damages assessments; and (4) Intricate regulatory compliance matters spanning multiple jurisdictions and federal agencies. (Doc. 19, pp. 5-10).

Undersigned counsel—a solo practitioner Board-Certified in labor and employment law—lacks specialized knowledge in these areas. Rule 4-1.1 mandates that "[a] lawyer shall provide competent representation to a client," requiring "the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Continued representation under these circumstances would constitute professional misconduct under Rule 4-1.1, making withdrawal mandatory under Rule 4-1.16(a)(1).

**B. Permissive Withdrawal Under Rule 4-1.16(b).**

Even if withdrawal were not mandatory, it is permissible under multiple subsections of Rule 4-1.16(b). The Rules provide several grounds for permissive withdrawal, all of which are satisfied here.

First, under Rule 4-1.16(b)(1), withdrawal is permitted when it "can be accomplished without material adverse effect on the interests of the client." This standard is met. Defendant's filing of its Answer on September 18, 2025 demonstrates that the Amended Complaint successfully obviated the need for further motion practice and expenditure of court resources. (Doc. 19). The motion to dismiss has been rendered moot, providing Plaintiff with substantial time to secure competent counsel experienced in the complex areas now revealed through Defendant's Answer before any response deadline. Plaintiff's express consent to counsel's motion provides compelling evidence that withdrawal will not adversely affect his interests.

Second, under Rule 4-1.16(b)(4), withdrawal is permitted when "the representation will result in an unreasonable financial burden on the lawyer." The specialized nature of the defenses revealed in Defendant's Answer—spanning federal tax law, payment processing regulations, multi-jurisdictional regulatory compliance, and complex damages calculations—requires resources and expertise that would create an unreasonable financial burden on undersigned counsel's practice, which focuses primarily on employment and disability matters.

Third, under Rule 4-1.16(b)(5), withdrawal is permitted when "other good cause for withdrawal exists." The good cause here is compelling: Defendant's Answer confirms that this case involves sophisticated legal issues requiring specialized counsel with experience in Internal Revenue Code matters, payment processing compliance, regulatory enforcement across multiple jurisdictions, and complex commercial litigation. (Doc. 19). As shown by the California

Department of Insurance's Cease and Desist Order against Defendant and the ongoing regulatory investigations in which Plaintiff is cooperating as a witness, this matter demands counsel with specific expertise in these areas. (Doc. 15, p. 6).

## IV.   THE AMENDED COMPLAINT SUBSTANTIVELY ADDRESSES DEFICIENCIES.

The Verified Amended Complaint wasn't superficial maneuvering—it systematically addressed Defendant's motion (Doc. 15) in the following ways:

- **Standing transformed from cursory to comprehensive.** The original complaint's basic allegations became detailed participant and fiduciary allegations in paragraphs 2 and 8, specifically addressing ERISA plan participation and six areas of fiduciary authority. (Doc. 15, pp. 2, 8).

- **ERISA violations were systematically categorized** into coherent categories: fiduciary breaches, mismanagement of plan funds, failure to provide required benefits, prohibited transactions, and disclosure violations. (Doc. 15, p. 6).

- **Multiple theories of ERISA protection** were established through alternative standing theories as participant, information provider, and regulatory cooperating witness. (Doc. 15, p. 7).

The September 4th filing included both a Response and Amended Complaint (Docs. 16, 15). The Response directly addressed the Court's directive by arguing the Motion to Dismiss should be denied as moot. (Doc. 16). The Eleventh Circuit holds: "When a plaintiff files an amended complaint, any pending motion to dismiss the original complaint becomes moot." *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (*See* Doc. 16). This was the case law relied upon in responding to the Defendant's motion, as directed.

An amended complaint Federal Rule 15(a)(1)(B) was also compliant. Federal procedural rules

have the force of law under 28 U.S.C. § 2072, and the "matter of course" amendment right was designed to eliminate the need to obtain leave when a motion attacking the earlier pleading is pending. The filing of the Amended Complaint was not merely procedural maneuvering. It was a strategic decision that eliminated the need for further motion practice and preserved court resources. Federal Rule 15(a)(1)(B) provided a clear procedural path that mooted Defendant's motion to dismiss while substantially strengthening Plaintiff's pleadings and moving this case forward.

Rather than requiring the Court to rule on a motion to dismiss that would likely have resulted in additional motion practice, the Amended Complaint eliminated that necessity entirely. Defendant's subsequent Answer, filed September 18, 2025, confirms that no further motion practice on the pleadings was necessary, precisely as counsel anticipated. (Doc. 19). This approach served judicial economy by allowing the case to proceed to discovery without the expenditure of additional court resources on motion practice. The case now stands on a solid procedural foundation with well-pleaded claims, detailed factual allegations, and comprehensive legal theories that have withstood challenge.[1]

### CONCLUSION

The confluence of circumstances—mandatory withdrawal requirements, proper federal procedural compliance, substantive pleading improvements, and Plaintiff's express consent—demonstrates counsel's good faith efforts to advance litigation while meeting professional obligations. Rather than circumventing the Court's authority, counsel used proper federal mechanisms while substantively addressing the Court's directive. Furthermore, neither the Plaintiff

---

[1]   Moving to withdraw now—before counterclaims involving sophisticated Internal Revenue Code issues, multi-jurisdictional regulatory compliance, and complex fraud allegations—directly serves Plaintiff's interests and judicial economy. Delaying withdrawal until after these specialized counterclaims are filed would prejudice Plaintiff by forcing transition while facing offensive claims against him requiring immediate expertise in unfamiliar legal areas.

nor Defendant opposes undersigned counsel's withdrawal.

**WHEREFORE**, undersigned counsel respectfully requests this Honorable Court discharge the Order to Show Cause, decline imposing sanctions, reconsider and grant the Renewed Motion to Withdraw, and provide such other relief as deemed just and proper (including the opportunity to be heard at a hearing should the Court deem it to be helpful).

Respectfully submitted,

Dated: September 19, 2025

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff
YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 19, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak