**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 0:25-cv-61290-LEIBOWITZ**

**ARMAN MOTIWALLA,**
 *Plaintiff,*

v.

**INNOVATIVE PARTNERS L.P.,**
*et al.,*
 *Defendants.*
_____/

**ORDER**

 **THIS CAUSE** is before the Court upon a *sua sponte* examination of the record. Plaintiff filed this action on June 26, 2025, asserting claims against Defendant Innovative Partners, L.P. ("IP") only. [*See* ECF No. 1]. The Amended Complaint also asserts claims only against IP. [*See* ECF No. 15]. On September 30, 2025, IP amended its answer to assert counterclaims against both Plaintiff and a new Defendant—Reia & Co., LLC. [*See* ECF No. 26 at 9].

 Rule 13 of the Federal Rules of Civil Procedure allows counterclaims against "any opposing party." Fed. R. Civ. P. 13(a) and (b). Even when entities are not "opposing parties" before the counterclaim was filed (since they were not parties to the case), the Federal Civil Rules allow for the joinder of new parties under Rules 19 and 20 *via* a counterclaim. *See* Fed. R. Civ. P. 13(h). By contrast, third-party defendants can be joined only if the claim is by the defendant (third-party plaintiff) against someone "who is or may be liable to it for all or part of the plaintiff's claim against [it]." Fed. R. Civ. P. 14(a)(1). In *United States v. Olavarrieta,* 812 F.2d 640, 643 (11th Cir. 1987), the Eleventh Circuit explained:

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a *separate and independent claim* even though the claim arises out of the same general set of facts as the main claim.

*Olavarrieta,* 812 F.2d at 643 (emphasis added).

Here, IP asserts counterclaims against Plaintiff and Reia & Co., LLC, for conversion (Count II) as well as for breach of contract (Counts IV and V).   The Court's docket, however, does not reflect that Reia & Co., LLC, has been served with process.   In fact, no summons has been issued for Reia & Co., LLC.   Consequently, (1) counsel for Reia & Co., LLC, has not appeared in this action—which is required for Reia & Co., LLC, to proceed here—and (2) Reia & Co., LLC, has not answered the counterclaims asserted against it.   *See Palazzo v. Gulf Oil Corp.,* 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel."); *Souffrant v. Denhil Oil, LLC,* 2010 WL 1541192, at *1 (S.D. Fla. Apr. 16, 2010) ("The proposition that a corporation must be represented by an attorney also applies to limited liability companies.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that IP must SHOW CAUSE in writing as to why Reia & Co., LLC, has not been served with process **no later than December 31, 2025**, failing which Reia & Co, LLC, may be dismissed from this action.

**DONE AND ORDERED** in the Southern District of Florida on December 3, 2025.

_____

**DAVID S. LEIBOWITZ**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record