**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**Case no.: 0:25-cv-61290-LEIBOWITZ**

ARMAN MOTIWALLA, an individual,

     Plaintiff,

v.

INNOVATIVE PARTNERS L.P., a Texas
limited partnership,

     Defendants.

_____/

INNOVATIVE PARTNERS L.P., a Texas
limited partnership,

     Counter-Plaintiff,

v.

ARMAN MOTIWALLA, an individual
and REIA & CO LLC, a Delaware limited
liability company,

     Counter-Defendants.

_____/

## DEFENDANT/COUNTERCLAIM-PLAINTIFF INNOVATIVE PARTNERS L.P.'S MOTION TO STRIKE PLAINTIFF/COUNTERCLAIM-DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant/Counterclaim-Plaintiff, INNOVATIVE PARTNERS L.P. ("Innovative"),

through undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(f), moves to strike

Counterclaim-Defendant, REIA & CO LLC's ("Reia"), affirmative defenses set forth in its Answer and Affirmative Defenses to Counterclaim ("Answer") (ECF no. 41), and in support states:

## I. INTRODUCTION

Reia's Answer is littered with forty-eight purported "affirmative defenses," all of which are patently defective and must be stricken.  At the outset, Reia's First, Seventh, Eighth, Thirteenth, Fourteenth, Seventeenth, Nineteenth, and Thirty-Fourth Affirmative Defenses fail because they are nothing more than assertions that Innovative has failed to state a claim or mere denials of Innovative's affirmative claims. Such assertions do not constitute affirmative defenses. An affirmative defense must admit the material allegations and assert new facts in avoidance or justification, not simply dispute liability.  Relatedly, the Twenty-Fourth Affirmative defense does not constitute a valid affirmative defense because it is based upon a rule of contract construction rather than admitting facts and adding additional facts in avoidance.  For that reason alone, and as discussed further below, these defenses are fatally flawed and should be stricken.

Furthermore, Reia's Second, Fourth, Fifth, Twenty-Second, Twenty-Third, Twenty-Seventh, Thirty-Second, Forty-Second through Forty-Fourth, and Forty-Eighth defenses are legally insufficient for the additional reason that Reia invokes legal doctrines and theories that have no conceivable application to the claims at issue in this case.

Finally, Reia's affirmative defenses independently fail because they are uniformly devoid of the factual detail necessary to place Innovative on fair notice of their nature and the grounds upon which they purportedly rest.  This defect infects all forty-eight defenses: none identifies which of Innovative's five counterclaim counts it is directed toward.  Many go even further astray by alleging no facts whatsoever or very limited facts, leaving Innovative, and the Court, unable to discern the basic factual underpinnings of the supposed defenses.

Accordingly, and as discussed in greater detail below, because Reia's affirmative defenses are legally insufficient, legally inapplicable, and unsupported by ultimate facts, they should be stricken in their entirety.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(c)(1), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1). A pleader must "state in short and plain terms its defenses to each claim". Fed. R. Civ. P. 8(b)(1)(A). Federal Rule of 12(f) provides a mechanism to strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under Rule 12(f), "[a]n affirmative defense should only be stricken when it is insufficient as a matter of law." *Home Mgmt. Sols., Inc. v. Prescient, Inc*., No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). In turn, an affirmative defense is insufficient as a matter of law and subject to be stricken where: "'(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Northrop & Johnson Holding Co., Inc. v. Leahy*, No. 16-CV-63008, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (quoting *Home Mgmt. Sols., Inc.*, 2007 WL 2412834, at *2).

Moreover, "[u]nder this standard, affirmative defenses are stricken when 'the defense is comprised of no more than bare-bones, conclusory allegations' or is 'insufficient as a matter of law.'" *XYZ Corp. v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 23-CV-24366, 2024 WL 3673009, at *3 (S.D. Fla. Aug. 6, 2024) (quoting *Northrop,* 2017 WL 5632041). Furthermore, "[a] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). At bottom, courts have held that an affirmative defense must "provide fair notice of the nature of the defense and the grounds upon

3

which it rests." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1195 (S.D. Fla. 2019).

### III. ARGUMENT

A. ***Reia's First, Seventh, Eighth, Thirteenth, Fourteenth, Seventeenth, Nineteenth, Twenty-Sixth, and Thirty-Fourth Affirmative Defenses should be stricken because they are improperly based on arguments that Innovative has failed to state a cause of action or that Innovative has failed to establish the elements of its affirmative claims.***

Reia's First, Seventh, Eighth, Thirteenth, Fourteenth, Seventeenth, Nineteenth, Twenty-Sixth, and Thirty-Fourth Affirmative Defenses fail and must be stricken because they are not affirmative defenses at all.   (Answer at 10, 12, 13, 15, 16, 17, 19-20, 22-23).  It is well established that "by its very definition, an affirmative defense is established only when the defendant admits facts contained in the complaint, but sets up other facts in justification or avoidance." *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1291 (S.D. Fla. 2007).   "Therefore, an affirmative defense which merely points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense at all." *Id.*; *see also Progressive Express Ins. Co. v. Star Painting & Waterproofing, Inc.*, 333 F.R.D. 600, 601 (S.D. Fla. 2019) ("[J]ust pointing out a defect in plaintiff's *prima facie* case is not an affirmative defense.").   Similarly, "[a] defense that denies an allegation in the plaintiff's complaint also is not an affirmative defense." *Progressive*, 333 F.R.D. at 602 (citing *Perlman v. Wells Fargo Bank, N.A.*, No. 10-81612-CV, 2014 WL 4449602, at *2 (S.D. Fla. Sept. 10, 2014)).

For this reason, "Courts in this District routinely strike 'failure to state a claim' defenses labeled as 'affirmative defenses,' because they do not constitute valid affirmative defenses." *Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1290 (S.D. Fla. 2022) (quoting *Pandora Jewelers 1995, Inc. v. Pandora Jewelry, LLC*, No. 09-61490-CIV, 2010 WL 5393265, at *2 (S.D. Fla. Dec. 21, 2010)); *see also Northrop*, 2017 WL 5632041, at *3 (granting motion to strike defense

4

of failure to state a cause of action); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007) ("However, the court finds that Home Depot's fourth affirmative defense—that plaintiffs have failed to state a claim upon which relief can be granted—is legally insufficient. Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."). Based upon these authorities, Reia's First Affirmative Defense for failure to state a cause of action should be stricken.

Additionally, Reia has raised several affirmative defenses that amount to nothing more than a denial of the elements of Innovative's causes of action. These defenses include: (i) the Seventh Affirmative Defense for "improper calculation of alleged Debit Balances"; (ii) the Eighth Affirmative Defense for "No Wrongful Termination for Cause"; (iii) the Thirteenth Affirmative Defense for "Lack of Causation"; (iv) the Fourteenth Affirmative Defense for "Speculative and Uncertain Damages"; (v) the Seventeenth Affirmative Defense for "No Conversion – Lack of Elements"; (vi) Nineteenth Affirmative Defense for "Good Faith"; (vii) the Twenty-Sixth Affirmative Defense for "Account Stated Doctrine Inapplicable"; and (viii) The Thirty-Fourth Affirmative Defense for "No Damages or Nominal Damages". Each of these purported affirmative defenses is based upon assertions and arguments that the elements of Innovative's causes of action cannot be established. Because these defenses amount to nothing more than denials of Innovative's claims, they too should be stricken.

**B. Reia's Twenty-Fourth Affirmative Defense should be stricken because it is not a valid defense but is instead based upon a rule of contract construction.**

Relatedly, the Twenty-Fourth Affirmative defense asserts that the "Recruiter Agreement is ambiguous in material respects and should be construed against Innovative as the drafter . . . ." (Answer at 18-19). This purported affirmative defense does not admit facts and add additional

5

facts in avoidance.  Rather, it recites a rule of contract construction.  *Vienneau v. Metro. Life Ins. Co.*, 548 So. 2d 856, 859 (Fla. 4th DCA 1989) ("Another elementary principle is that where the language of a contract is ambiguous or doubtful, it should be construed against the party who drew the contract and chose the wording.").  This rule of construction does not excuse performance, void the contract, or preclude recovery.  *See id.*  Instead, it presupposes a valid and enforceable contract and operates solely to resolve uncertainty in contractual language to the extent the Court at some point determines that the contract is ambiguous.  *See id.*  Put simply, this matter is properly raised as part of a denial of breach or as an argument regarding contract meaning, not as an affirmative defense.

### C. *Reia's Second, Fourth, Fifth, Twenty-Second, Twenty-Third, Twenty-Seventh, Thirty-Second, Forty-Second through Forty-Fourth, and Forty-Seventh Affirmative Defenses fail because they are invalid and legally deficient as a matter of law.*

Besides the deficiencies identified above, Reia's Second, Fourth, Fifth, Twenty-Second, Twenty-Third, Twenty-Seventh, Thirty-Second, , Forty-Second, Forty-Third, Forty-Fourth, and Forty-Seventh Affirmative Defenses fail and should be stricken because they are "clearly invalid as a matter of law." *Northrop*, 2017 WL 5632041, at \*2.

First, Reia's Second Affirmative Defense for "unclean hands" fails because the defense "applies only to claims for equitable relief or in opposition to equitable defenses."  (Answer at 10-11); *Regions Bank v. Old Jupiter, LLC*, No. 10-80188-CIV, 2010 WL 5148467, at \*6 (S.D. Fla. Dec. 13, 2010), *aff'd*, 449 F. App'x 818 (11th Cir. 2011).  Because Innovative "seeks to recover only damages, the unclean hands doctrine is not applicable."

Second, Reia's Fourth Affirmative Defense for "comparative/contributory fault" is invalid as a matter of law because comparative fault only applies in a "negligence action".  (Answer at 11); Fla. Stat. § 768.81(3) ("In a negligence action, the court shall enter judgment against each party liable on the basis of such party's percentage of fault and not on the basis of the doctrine of

joint and several liability").  "'Negligence action' means, without limitation, a civil action for damages based upon a theory of negligence, strict liability, products liability, professional malpractice whether couched in terms of contract or tort, or breach of warranty and like theories." Fla. Stat. § 768.81(1)(c).  Because Innovative has not brought any negligence or related claims, comparative negligence simply cannot apply.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1358 (11th Cir. 2018) (finding comparative fault did not apply to claims based upon fraud and conspiracy); *Kobi Karp Architecture & Int. Design, Inc. v. RG Mich. 2014 LLC*, No. 18-21079-CIV, 2021 WL 4819903, at *7 (S.D. Fla. Oct. 15, 2021) ("'[C]omparative fault is not a defense to a breach of contract claim.'" (internal citations omitted)); *Fowler v. Elegant Auto Fin. LLC*, 446 F. Supp. 3d 966, 970 (M.D. Fla. 2020) ("Generally, comparative fault or contributory negligence does not apply to a claim of fraud.").

Next, the Fifth Affirmative Defense for material breach by Innovative fails to identify a viable legal theory.  (Answer at 11-12).  Innovative's material breach in and of itself is not a defense.  To the extent Reia is attempting to raise a "prior breach" defense, this requires the party seeking to avoid liability to establish that the other party (Innovative) breached first.  *See CMZ Enters., Inc. v. Spyker USA, LLC*, No. 19-61782-CIV, 2020 WL 9458888, at *4 (S.D. Fla. Mar. 2, 2020), *report and recommendation adopted*, No. 19-61782-CIV, 2020 WL 9458640 (S.D. Fla. Mar. 17, 2020) ("While prior breach is a valid defense to breach of contract, Defendant alleges that Plaintiff breached the Settlement Agreement *after* Defendant had already breached the Settlement Agreement by failing to make payment.").  Reia does not state that the alleged breaches by Innovative occurred prior to its own breaches.  (Answer at 11-12).  As such, this defense is legally deficient and should be stricken.

Further, Reia's Twenty-Second and Twenty-Third Affirmative Defenses are premised on the assertions that (i) Reia is a separate legal entity distinct from Motiwalla and that Innovative

has not pled sufficient facts to disregard Reia's separate corporate identity, and (ii) there is no basis for imposing vicarious liability on Reia.  (Answer at 18).  These defenses are inapplicable because Innovative has not alleged that Reia is liable based upon a vicarious liability theory or otherwise that the corporate veil should be pierced.  (*Id.*)  Rather, Innovative has brought two counterclaims against Reia based upon Reia's conduct for conversion (Count II) and for breach of the Recruiter Agreement (Count IV).   Because these counterclaims are not vicarious, these defenses are inapplicable and invalid as a matter of law.

Reia's Twenty-Seventh Affirmative Defense asserts that Innovative's alleged damages were caused by purported "superseding and intervening causes." (Answer at 20).  That doctrine, however, is a negligence-based proximate cause principle that applies only where an independent and unforeseeable act breaks the chain of causation in a negligence action.  *See McCain v. Fla. Power Corp.*, 593 So. 2d 500, 503 (Fla. 1992) (considering this doctrine of superseding causation in the context of a negligence action).  It does not apply to intentional torts or contractual claims, such as those brought by Innovative here.  This defense should therefore be stricken as well.

Turning to Reia's Thirty-Second Affirmative Defense, Innovative states that principles of "equity, fairness, and mutuality of obligation" require the limitation of liability provision in the Recruiter Agreement that runs to the benefit of Innovative must be applied reciprocally.  (Answer at 18).  There is no legal principle or doctrine that supports Reia's argument that the Recruiter Agreement should not be enforced as written.  Indeed, the opposite is true.  It is well-established that contracts should not be rewritten.  *Int'l Expositions, Inc. v. City of Miami Beach*, 274 So. 2d 29, 30-31 (Fla. 3d DCA 1973) ("[C]ourts may not rewrite, alter, or add to the terms of a written agreement between the parties and may not substitute their judgment for that of the parties in order to relieve one from an alleged hardship of an improvident bargain.").  Accordingly, this defense should be stricken.

Reia's Forty-Second Affirmative Defense based upon an assertion that the Recruiter Agreement is void for vagueness fails because this doctrine cannot apply "unless indefiniteness reaches a point where construction becomes futile . . . ." (Answer at 25-26); *Maines v. Davis*, 491 So. 2d 1233, 1235 (Fla. 1st DCA 1986). Reia has not alleged, and cannot plausibly allege, that this prerequisite is met. This defense should therefore be stricken as well.

The Forty-Third Affirmative Defense for rescission fails because this is a remedy, not an affirmative defense. (Answer at 26); *see Laniewicz v. Rutenberg Const. Co*., 580 So. 2d 203, 204 (Fla. 5th DCA 1991) (explaining that "[t]he ***remedy*** of rescission is an ancient equitable one devised by the courts where monetary damages are inadequate or where one party, having a right, *elects* that remedy." (emphasis added)); *Scheurenbrand v. Wood Gundy Corp*., 8 F.3d 1547, 1551 (11th Cir. 1993) (explaining that rescission is an "equitable remedy"). Aside from this, stating a claim for rescission requires alleging the following six elements:

> (1) the character or relationship of the parties, (2) the making of the contract, (3) the grounds for rescission, (4) that the party seeking rescission has done so and informed the other party to the contract, (5) if the rescinding party has received benefits from the contract, that the party has offered to restore the benefits if possible, and (6) that no adequate remedy is available at law.

*Argos Glob. Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1093 (S.D. Fla. 2020). Reia has not alleged any of these elements, or facts supporting them. This defense should therefore be stricken as legally as and factually deficient.

The Forty-Fourth Affirmative Defense for reformation likewise fails because reformation is a remedy, not a defense. (Answer at 26); *Kolski ex rel. Kolski v. Kolski*, 731 So. 2d 169, 173 (Fla. 3d DCA 1999) ("Reformation is an ***equitable remedy***." (emphasis added)); *see also White v. Fort Myers Beach Fire Control Dist.*, 302 So. 3d 1064, 1073 (Fla. 2d DCA 2020) (stating that reformation is a "cause of action."). Furthermore, assuming *arguendo* that reformation could be

stated in an affirmative defense, reformation must be based upon "'a mutual mistake or a unilateral mistake by one party coupled with the inequitable conduct of the other party, the  . . .contract fails to express the agreement of the parties.'" *White v. Fort Myers Beach Fire Control Dist.*, 302 So. 3d 1064, 1073 (Fla. 2d DCA 2020) (quoting *Romo v. Amedex Ins. Co.,* 930 So. 2d 643, 649 (Fla. 3d DCA 2006). Reia does not allege any mistake or inequitable conduct to support reformation. This defense should therefore be stricken.

Reia's Forty-Seventh Affirmative Defense for cy pres or equitable adjustment asserts that the Court should reduce the amounts owed to Innovative based upon a hodgepodge of theories, including Innovative's own fault and contributory conduct, the unconscionability of imposing unlimited liability, the disproportion between alleged liability and actual damages, Innovative's unclean hands, equitable considerations of fairness and justice, and other equitable factors. (Answer at 27). Some of these theories were asserted in stand-alone defenses, which as discussed above, are independently deficient. This includes the contributory fault theory and vague notions of equitable considerations of fairness and justice. Furthermore, at best, this appears to be a set-off defense, and adding additional legal or equitable theories and couching this revamped defense under the inapplicable heading "cy pres"[1] simply confuses matters and renders the defense invalid. *Cole-Parmer Instrument*, 2022 WL 19330885, at *4 (striking affirmative defenses that were duplicative of another affirmative defense).

---

[1] The doctrine of cy pres applies in the trust and estate context to save "testamentary gifts that otherwise would fail because their intended use is no longer possible." *Perkins v. Am. Nat. Ins. Co.*, No. 3:05-CV-100 CDL, 2012 WL 2839788, at *2 (M.D. Ga. July 10, 2012) (quoting *In re Lupron Mktg. & Sales Practices Litig.*, 677 F.3d 21, 30 (1st Cir. 2012)). It also applies "to be used for a charitable purpose related to the class plaintiffs' injury, when it is difficult for all class members to receive individual shares of the recovery and, as a result, some or all of the recovery remains." *Id.*

### D. All of Reia's affirmative defenses are invalid because they fail to include sufficient factual detail supporting their application, or otherwise fail to provide Innovative fair notice of the defense and the grounds upon which they rest.

Furthermore, all of Reia's affirmative defenses lack sufficient factual detail to provide Innovative with fair notice of the defenses asserted and the grounds upon which they rest. Federal Rule of Civil Procedure 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim." Fed. R. Civ. P. 8(b)(1)(A). Consistent with that rule, courts hold that an affirmative defense must "provide fair notice of the nature of the defense and the grounds upon which it rests." *Dionisio v. Ultimate Images & Designs, Inc.*, 391 F. Supp. 3d 1187, 1195 (S.D. Fla. 2019). Accordingly, affirmative defenses are properly stricken when they consist of "no more than bare-bones, conclusory allegations" or are "insufficient as a matter of law." *XYZ Corp. v. Individuals, Partnerships & Unincorporated Ass'ns Identified on Schedule 'A'*, No. 23-CV-24366, 2024 WL 3673009, at *3 (S.D. Fla. Aug. 6, 2024) (quoting *Northrop*, 2017 WL 5632041, at *2). Courts likewise "must not tolerate shotgun pleading of affirmative defenses" and should strike defenses that are vague, ambiguous, or fail to respond to any particular count or claim. *Morrison*, 434 F. Supp. 2d at 1318.

At the outset, **all** of Reia's affirmative defenses are deficient because none identify which of Innovative's five counterclaims it purports to address, leaving Innovative to guess. That defect alone warrants striking the defenses. *Id.* at 1314 (explaining that affirmative defenses that "do not respond to any particular count" should be stricken).

Beyond that threshold deficiency, many of the defenses also fail because they lack factual allegations supporting their asserted theories. Specifically, the First through Fourth, Sixth, Eighth through Thirteenth, Sixteenth, Nineteenth, Twentieth, Twenty-Fourth, Twenty-Sixth through Thirty-First, Thirty-Third, Thirty-Fifth through Thirty-Sixth, Thirty-Ninth through Forty-First, and

11

Forty-Sixth through Forty-Seventh Affirmative Defenses are premised on alleged facts but plead few—if any—actual facts identifying the bases for those defenses.

For example, the First Affirmative Defense merely asserts that the Counterclaim "fails to state a claim upon which relief can be granted." (Answer at 10). Even assuming *arguendo* that this could operate as an affirmative defense, it contains no supporting facts and is therefore fatally deficient.

The Second Affirmative Defense invokes unclean hands, alleging generally that Innovative engaged in ERISA violations, fraudulent business practices, and other unlawful conduct. (Answer at 10–11). It provides no facts identifying what conduct is alleged to be fraudulent or unlawful, when it occurred, or how it relates to the claims at issue, rendering the defense legally and factually insufficient.

Similarly, the Third Affirmative Defense for *in pari delicto* alleges only that Innovative was a knowing participant in unspecified wrongdoing. (Answer at 11). It does not identify the wrongdoing or Innovative's alleged role and therefore fails to provide fair notice.

The Fourth Affirmative Defense asserts comparative or contributory fault, alleging that Innovative caused its own damages through negligence or illegal conduct. (Answer at 11). As discussed above, comparative fault is inapplicable to Innovative's claims. In any event, the defense pleads no facts explaining how Innovative's conduct caused the alleged damages.

The Sixth Affirmative Defense asserts failure of consideration based on alleged failures to provide benefits such as training and support. (Answer at 12). It does not identify what was promised, the contractual provisions at issue, or how consideration allegedly failed.

The Eighth Affirmative Defense challenges Innovative's termination for cause, asserting that no breaches occurred or that Innovative caused them. (Answer at 13). This defense merely

disputes Innovative's claims and pleads no facts explaining why no breaches occurred or how Innovative allegedly caused them.

The Ninth Affirmative Defense asserts waiver based on alleged acceptance of performance and acquiescence. (Answer at 13). It does not identify the rights allegedly waived, when or how waiver occurred, or any conduct constituting a knowing relinquishment of contractual rights.

The Tenth Affirmative Defense asserts estoppel but pleads no facts identifying any representations, reliance, or resulting prejudice. (Answer at 14). Absent allegations supporting the elements of estoppel, the defense is insufficient.

The Eleventh Affirmative Defense asserts laches but fails to allege when Innovative knew of its claims, the length or unreasonableness of any delay, or resulting prejudice. (Answer at 14). General references to faded memories or lost evidence are insufficient.

The Twelfth Affirmative Defense invokes the statute of limitations without identifying which claims are time-barred, which limitations period applies, when the claims accrued, or how the period expired. (Answer at 14–15).

The Thirteenth Affirmative Defense asserts alternative causation but merely denies causation and offers a speculative list of possible causes without factual support. (Answer at 15).

The Sixteenth Affirmative Defense seeks set-off and recoupment but does not identify any amounts owed, their contractual basis, or how they relate to the Counterclaim. (Answer at 16).

The Nineteenth Affirmative Defense asserts good faith but merely denies breach and pleads no facts identifying any good-faith conduct or how it defeats liability. (Answer at 17).

The Twentieth Affirmative Defense asserts authorization and ratification without identifying what conduct was authorized or ratified, by whom, when, or with what knowledge. (Answer at 17).

The Twenty-Fourth Affirmative Defense asserts contractual ambiguity but fails to identify any ambiguous language or competing interpretations. (Answer at 18–19).

The Twenty-Sixth Affirmative Defense challenges the account stated doctrine but merely denies the elements of the claim and pleads no facts identifying inaccurate statements, objections, or fraud. (Answer at 19).

The Twenty-Seventh Affirmative Defense asserts superseding or intervening causes but pleads no facts identifying any such events, their timing, or how they broke the causal chain. (Answer at 20).

The Twenty-Eighth Affirmative Defense invokes impossibility, impracticability, or frustration of purpose but pleads no facts identifying affected contractual obligations or events rendering performance impossible. (Answer at 20–21); *Fl-Tampa, LLC v. Kelly-Hall*, 135 So. 3d 563, 569 (Fla. 2d DCA 2014) ("[I]mpossibility of performance is a defense to nonperformance and refers to situations where the purpose for which the contract was made has become impossible to perform."); *Hilton Oil Transp. v. Oil Transp. Co., S.A.,* 659 So. 2d 1141, 1147 (Fla. 3d DCA 1995) ("Three elements are normally necessary for application of the doctrine of frustration or commercial impracticability: first, the event giving rise to the claim must be totally unexpected and unforeseeable; second, the risk of the event must not be provided for, either by the language of the charter party or by custom; and third, the performance of the contract must be impossible or commercially impracticable.")

The Twenty-Ninth Affirmative Defense asserts illegality and public policy but fails to identify any contractual provision requiring illegal conduct or any statutory violation. (Answer at 21).

The Thirtieth Affirmative Defense alleges lack of authority to execute the agreement but does not identify whose authority was lacking or why. (Answer at 21).

14

The Thirty-First Affirmative Defense asserts release, accord and satisfaction, or discharge without identifying any actions or agreements that give rise release, agreement, or consideration. (Answer at 22).

The Thirty-Third Affirmative Defense invokes judicial estoppel without identifying any prior proceeding, inconsistent position, or judicial adoption. (Answer at 22); *Boneta v. Am. Med. Sys., Inc.*, 524 F. Supp. 3d 1304, 1318 (S.D. Fla. 2021) (noting the elements of judicial estoppel under Florida law are "[1] A claim or position successfully maintained in a former action or judicial proceeding [2] bars a party from making a completely inconsistent claim or taking a clearly conflicting position in a subsequent action or judicial proceeding, [3] to the prejudice of the adverse party, [4] where the parties are the same in both actions, subject to the 'special fairness and policy considerations' exception to the mutuality of parties requirement.") (citing *Salazar-Abreu v. Walt Disney Parks and Resorts U.S., Inc.*, 277 So. 3d 629, 631 (Fla. 5th DCA 2018).

The Thirty-Fifth and Fortieth Affirmative Defenses allege failure of conditions precedent and inadequate notice without identifying the provisions at issue or pleading non-occurrence with particularity, as required by Rule 9(c) ("[W]hen denying that a condition precedent has occurred or been performed, a party must do so with particularity."); These defenses are also duplicative of one another, which subjects them to be stricken. *Cole-Parmer Instrument Co. LLC. v. Pro. Lab'ys Inc.*, No. 21-61756-CIV, 2022 WL 19330885, at *4 (S.D. Fla. Apr. 22, 2022) (striking affirmative defenses that were duplicative of another affirmative defense).

The Thirty-Sixth Affirmative Defense seeks rescission or reformation based on mistake but alleges only dissatisfaction with economic outcomes, not a cognizable mistake of fact. (Answer at 23). Specifically, this defense lacks the requisite factual supporting needed to support it because it lists generalized topics, such as business practices, regulatory compliance, market conditions,

15

cancellation rates, and debit balances, that amount to post-hoc dissatisfaction with the Recruiter Agreement's economic consequences, not a cognizable mistake of fact. (*Id*.).

The Thirty-Ninth Affirmative Defense for breach of the implied covenant of good faith and fair dealing fails because it does not identify any breached express contractual provision, as required. *Mount Sinai Med. Ctr. of Greater Miami, Inc. v. Heidrick & Struggles, Inc.*, 329 F. Supp. 2d 1309, 1312 (S.D. Fla. 2004). ("[A] claim for breach of the implied covenant of good faith and fair dealing must be accompanied by an allegation that an express term of the contract has been breached.").

The Forty-First Affirmative Defense asserts unconscionability but pleads no facts supporting either procedural or substantive unconscionability, or that any specific contractual provision is so one-sided or oppressive as to "shock the conscience", as required. (Answer at 22); *Farrell v. Aaron's, Inc.*, No. 318CV01490J20JRK, 2019 WL 13262714, at *4–*6 (M.D. Fla. May 16, 2019) ("[T]he substantive unconscionability analysis considers whether the actual terms of the contract are 'so outrageously unfair as to shock the judicial conscience' . . . In determining whether an agreement is procedurally unconscionable, courts consider a myriad of factors, including the relative bargaining power of the parties, whether the complainant had a meaningful choice at the time the contract was entered, whether the terms were presented on a 'take-it-or-leave-it basis' and whether the complaining party had the ability and opportunity to understand the agreement.").

The Forty-Sixth Affirmative Defense asserts no meeting of the minds but pleads no facts identifying contemporaneous disagreement over material terms and fails to identify any specific communications, negotiations, or contemporaneous understandings demonstrating that the parties held materially different interpretations of the same contractual terms at the time of formation. (Answer at 27).

16

Finally, the Forty-Seventh Affirmative Defense asserts that the Court should invoke equitable principles, styled as "cy pres or equitable adjustment", to reduce, adjust, or limit any amounts that may be owed. (Answer at 27). As discussed above, this defense fails because it is based on inapplicable legal doctrines, is based upon defenses that are independently flawed, and duplicates the set-off defense. The defense further fails and should be stricken because, like the other defenses discussed above, it fails to include adequate factual support. (*Id*.). Instead, the defense offers a generalized list of abstract equitable considerations, fairness, justice, unconscionability, and fault, untethered to specific factual allegations. (*Id*.). Consequently, this defense is likewise fatally flawed.

## IV. CONCLUSION

In sum, Reia has attempted to set forth a plethora of defenses, each of which are deficient either due to inapplicability, or insufficiency, both legal and factual.  Accordingly, the Court should strike all of Reia's affirmative defenses.

WHEREFORE, Defendant/Counterclaim-Plaintiff, INNOVATIVE PARTNERS L.P., respectfully requests the Court enter an order striking Counterclaim-Defendant, REIA & CO LLC's affirmative defenses, and for such other relief as the Court deems just and proper.

### CERTIFICATE OF CONFERRAL PURSUANT TO LOCAL RULE 7.1

**I HEREBY CERTIFY** that prior to filing this Motion, on January 20, 2026, I communicated the relief requested in this motion via email to counsel for Reia.   As of the time of this filing, no response has been received.

Date: January 20, 2026                                        Respectfully submitted,


By: /s/ *Nathaniel M. Edenfield*
         Joshua L. Spoont
         Florida Bar No. 53263

josh@sodhispoont.com
Nathaniel M. Edenfield
Florida Bar No. 91034
nate@sodhispoont.com
Mauricio A. Torres
Florida Bar No. 1059067
mauricio@sodhispoont.com
**SODHI SPOONT PLLC**
3050 Biscayne Blvd., Ste. 701
Miami, FL 33137
Tel: 305-907-7573
*Counsel for Defendant / Counter-Plaintiff,*
*Innovative Partners, L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed on the CM/ECF system and that a

true and correct copy was served therefrom by e-mail on January 20, 2026 on all counsel or

parties of record on the service list below:

G. Ware Cornell, Jr.
Florida Bar Number 203920
*Counsel for Motiwalla*
*and Reia & Co LLC*
Cornell & Associates, P.A.
2645 Executive Park Drive
Weston, Florida 33331
Telephone: (954) 618-1041
Email: ware@warecornell.com

/s/ *Nathaniel M. Edenfield*
Nathaniel M. Edenfield