UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-cv-61290-LEIBOWITZ

ARMAN MOTIWALLA,

    *Plaintiff,*

v.

INNOVATIVE PARTNERS L.P.,

    *Defendant.*

_____/

## ORDER

**THIS CAUSE** is before the Court upon the Suggestion of Death filed on April 15, 2026, pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure, informing the Court that Plaintiff Arman Motiwalla died on April 8, 2026 [ECF No. 51]. Rule 25(a)(1) provides, in relevant part, that:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). Thus, Rule 25 requires the Court to dismiss a case ninety (90) days after the filing of a proper suggestion of death if two conditions are met. First, the suggestion of death must be filed on the record. *McGuinnes v. Novartis Pharmaceuticals Corp.,* 289 F.R.D. 360, 362 (M.D. Fla. 2013). Second, the party that filed the suggestion must properly serve the notice in accordance with the Rule in order to start the clock on automatic dismissal of the case. Fed. R. Civ. P. 25(a)(3); *see McGuinnes v. Novartis Pharm. Corp.,* 289 F.R.D. 360, 362 (M.D. Fla. 2013) ("the party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death, consistent with Federal Rule of Civil Procedure 4."). Rule 25 does not specify which nonparties must be served, but courts generally agree that the representatives of the deceased plaintiff's estate or successors in

interest to the claim must be served, as they are the nonparties who could prosecute the surviving claim. *See Sum v. Metro. Cas. Ins. Co.,* No. 8:21-cv-377-KKM-AAS, 2022 WL 1555873, at *1 (M.D. Fla. May 17, 2022); *Diamond Resorts Int'l, Inc. v. US Consumer Att'ys, P.A.,* No. 18-80311-CIV, 2020 WL 11423190, at *3 (S.D. Fla. Oct. 13, 2020); *Williams v. Scott,* No. 07-22617-CIV, 2011 WL 541343, at *3 (S.D. Fla. Feb. 8, 2011); *see also Powell v. United States,* 800 F. App'x 687, 705 (11th Cir. 2020) (per curiam) (noting that there was no duty to serve any estate or successor where, "by every indication[, the party] had no representatives of his estate or successors").

Accordingly, it is **ORDERED AND ADJUDGED** that the *Clerk of Court* is directed to ADMINISTRATIVELY CLOSE this case.   All existing deadlines are **TERMINATED** and all pending motions are **DENIED AS MOOT**.  The parties shall have leave to refile any motions once substitution is effectuated under Rule 25(a).

**DONE AND ORDERED** in the Southern District of Florida on April 15, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record